UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHANNON SHERELL PHILLIPS,

        Petitioner,                  Case No. 1:20-cv-13326

v.                                       Honorable Thomas L. Ludington
                                           United States District Judge

RODNEY POLLARD and DEBRA BEAN,

        Respondents.[1]
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY**

This matter is before this Court upon Petitioner Shannon Sherell Phillips's pro se application for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner was convicted by bench trial in the Washtenaw County Circuit Court of carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and malicious destruction of property more than $1,000 but less than $20,000, MICH. COMP LAWS § 750.377a(1)(b)(i). *Id.* at PageID.3. The trial-court judge sentenced her to six months' imprisonment and three years' probation. *Id.* Petitioner is currently on probation, supervised by the Washtenaw County Probation Office in Ann Arbor, Michigan.

Petitioner contends that she was denied the effective assistance of trial counsel. *See generally id.* Respondent has filed a Response to the Petition, asserting that the claim lacks merit. ECF No. 5. For the reasons stated hereafter, the Petition will be denied.

**I.**

---

[1] This Court amends the caption to reflect that the proper respondents are the supervisors of the Washtenaw County Probation Department.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct in habeas proceedings brought under 28 U.S.C. § 2254(e)(1), s*ee Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant purchased a lottery ticket at the victim's party store. When defendant received her change from the transaction, a dispute arose over whether she had paid with a $ 10 or $ 20 bill. Defendant became upset and started swearing at the victim, demanded her money back, and began throwing things off the store counter. Defendant came behind the counter and engaged in a physical altercation with victim before an unidentified female customer made defendant leave. Defendant left her purse and keys in the store and fled on foot. A surveillance video captured the entire interaction, and a second employee was an eyewitness to the event. This appeal stems from a dispute over whether defendant was armed at the time of the incident: the victim told police that defendant had a gun in her waistband and threatened to "shoot up" the store. Defendant maintains that she was not armed.
>
> At defendant's bench trial, defendant conceded to the malicious destruction of property but contested the charge of carrying a concealed weapon. After viewing the surveillance video multiple times, the trial court found that the victim's testimony was credible and that a "bulge" was present in defendant's pocket during the incident, which could not have been her cell phone because her cell phone was in her hand at the time. The trial court found defendant guilty on both counts.
>
> Defendant then moved for a new trial, alleging that she received ineffective assistance of counsel because defense counsel failed to interview and subpoena the second employee, who was an eyewitness to the event and had provided a statement to the police. A *Ginther*[2] hearing was conducted and at the hearing the eyewitness testified that he did not see a firearm on defendant. On cross-examination, he agreed that it was possible defendant had a gun but that he did not see it. Defense counsel testified that she did not call the eyewitness at trial because she felt his statements were detrimental to defendant, and because he might corroborate the victim's statements rather than defendant's assertion that she did not have a gun. Defense counsel was concerned this testimony might be more harmful than helpful to defendant. The trial court found that defense counsel had acted reasonably, defendant had failed to show prejudice, and there was no error; thus, the motion for a new trial was denied. This appeal followed.

*People v. Phillips*, No. 340942, 2019 WL 1301808, at *1 (Mich. Ct. App. Mar. 21, 2019) (per curiam), *appeal denied*, 933 N.W.2d 40 (Mich. 2019).

---

[2] *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973) (footnote in original).

Petitioner seeks a writ of habeas corpus, claiming her trial counsel failed to investigate and present an eyewitness who would have given exculpatory testimony. ECF No. 1 at PageID.34.

## II.

The following standard of review applies to § 2254 habeas petitions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner must show the state court's denial

"was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Thus, a habeas petitioner should be denied relief if it is within the "realm of possibility" that fairminded jurists could find the state-court decision to be reasonable. *See Woods v. Etherton*, 587 U.S. 113, 113 (2016) (per curiam).

### III.

Petitioner alleges that she was denied the effective assistance of trial counsel because her attorney failed to investigate and call as a defense witness Mr. Steven Carrington, the other cashier who witnessed the incident. Petitioner claims that Mr. Carrington would have testified that he did not see her carrying a firearm. ECF No. 1 at PageID.25.

Courts reviewing allegations of ineffective assistance of counsel determine "whether counsel's performance may have worked an unfair outcome on the defendant's case." Charlie Gerstein, Note, *Plea Bargaining and the Right to Counsel at Bail Hearings*, 111 MICH. L. REV. 1513, 1518 (2013) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984)).

Petitioner must satisfy a two-prong test to establish the denial of the effective assistance of counsel. First, she must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To that end, she must overcome a strong presumption that counsel's behavior was "within the wide range of reasonable professional assistance." *Id.* at 689. Similarly, she "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Second, Petitioner must show that counsel's "deficient performance prejudiced her defense." *Id.* at 687. To demonstrate prejudice, she must establish that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Wong v. Belmontes*, 558 U.S. 15, 27 (2009) ("*Strickland* places the burden on the defendant, not the State . . . .").

### A.

The Michigan Court of Appeals rejected Petitioner's claim as follows:

> The facts in this case, however, are distinguishable from those of the *Grant* case.[3] The eyewitness in this case was not completely focused on defendant at the beginning of the incident, and when he moved toward defendant, his goal was to diffuse the event not to determine whether she was armed. The eyewitness consistently stated that he did not see a gun, both in his statement to police and at the *Ginther* hearing. However, on cross-examination, he admitted that defendant may have had a gun that he could not see. Had he testified at trial, all the eyewitness would have added to the record is that he did not see a gun; he would not have testified that defendant did not have a gun. Further, it is notable that the victim only saw the butt of a gun when defendant's shirt pulled up from her waistband. It is unlikely that the eyewitness, who was farther away, would have been able to see the concealed gun. Unlike in *Grant*, 470 Mich. 477, the eyewitness's testimony does not provide an alternate theory of the case, nor does it provide details or information not already in the record. Therefore, his testimony does not offer a substantial defense that was otherwise unavailable to defendant and defense counsel was not ineffective for failing to call this eyewitness.

*People v. Phillips*, No. 340942, 2019 WL 1301808, at *2 (Mich. Ct. App. Mar. 21, 2019) (per curiam), *appeal denied*, 933 N.W.2d 40 (Mich. 2019).

The Michigan Court of Appeals further held that Mr. Carrington's proposed testimony would not have impeached the victim's testimony:

> Defendant cites several cases that show that defense counsel's failure to introduce evidence that either impeaches or attacks the credibility of a witness against the defendant establishes ineffective assistance of counsel. Each case that defendant relies on involves excluded evidence that seriously impeached witness testimony, unlike the eyewitness's testimony in the instant case that adds a negligible amount of information to the record. Again, the eyewitness only testified that he did not see a gun; he did not testify that defendant did not have a gun. While his testimony may have corroborated defendant's claim that she was not armed, he also stated that it was possible she was armed, which corroborated the victim's

---

[3] *People v. Grant*, 684 N.W.2d 686, 690 (Mich. 2004).

- 5 -

testimony. The eyewitness's testimony does not add any concrete evidence to the record involving the victim's credibility.

*Id.* at *3.

The Michigan Court of Appeals then concluded that Petitioner failed to show any prejudice from counsel's failure to call Mr. Carrington as a defense witness:

> Because defendant has not established that her counsel's actions fell below an objective standard of reasonableness, defendant has not met the first prong of the ineffective assistance of counsel test. *See Armstrong*, 490 Mich. at 289–290. Further, defendant has failed to adequately address the second prong of the ineffective assistance of counsel test: prejudice. Defendant simply argues that defense counsel's failure to call the eyewitness "surely prejudiced the outcome" of her trial. Defendant fails to support her argument on this point. It is well settled that an "appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v. Kelly*, 231 Mich. App. 627, 640–641; 588 N.W.2d 480 (1998). But, in any case, there is no evidence that this witness's testimony would have changed the outcome of the trial. The trial court found the victim's testimony credible, and it watched the video numerous times. It is the trier of fact's role to determine the credibility of witnesses. *People v. Kanaan*, 278 Mich. App. 594, 619; 751 N.W.2d 57 (2008). The trial court observed a "bulge" in defendant's pocket that she claimed was her cell phone, but her cell phone was in her hand or in her other pocket at the time. The addition of the eyewitness's testimony to the record would not negate the evidence supporting defendant's conviction. Therefore, defendant was not prejudiced by defense counsel's failure to subpoena the eyewitness to testify at trial.

*Id.* (additional citation omitted).

**B.**

The Michigan Court of Appeals's decision was reasonable, precluding habeas relief.

**i.**

First, Petitioner's trial counsel had strategic reasons not to call Mr. Carrington as a witness. Counsel testified at the *Ginther* hearing that she decided not to call Mr. Carrington as a witness because Mr. Carrington told the police that, though he did not see a firearm, he heard the victim state that there was going to be a "shootout." *See* ECF No. 6-9 at PageID.469–70. Mr. Carrington

also told the police that Petitioner had not only attempted to pour lighter fluid on the cash register as she was leaving the store but also threatened to throw the bottle of lighter fluid at the victim. *See id.* Counsel testified that she was concerned that if Mr. Carrington had testified, additional damaging information would have come in against Petitioner, and additional criminal charges could have been filed. *See id.*

Counsel's decision not to call Mr. Carrington out of fear of additional incriminating testimony was a strategically defensible choice that defeats Petitioner's claim. *See Jackson v. Bradshaw*, 681 F.3d 753, 761 (6th Cir. 2012).

### ii.

Second, Petitioner failed to show that Mr. Carrington's testimony would have exculpated her. On cross-examination during the *Ginther* hearing, Mr. Carrington admitted that, throughout the incident, he was not in the same position as the victim to see Petitioner. ECF No. 6-8 at PageID.401. Mr. Carrington also admitted that Petitioner might have had a firearm that he did not see. ECF No. 6-9 at PageID.434–35, 441.

A defense counsel is not obligated to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004) (internal quotation omitted). Counsel was not ineffective for not calling Mr. Carrington to testify that Petitioner did not have a firearm in her possession, as the prosecutor could have undermined Mr. Carrington's proposed testimony on cross-examination. *See Fletcher v. Briley*, 68 F. App'x 716, 718 (7th Cir. 2003) (holding counsel was not ineffective for failing to call co-defendants as witnesses in armed robbery trial to say that they did not see a firearm in defendant's possession when victims themselves testified that they did not see a firearm until the end of the encounter and the co-defendants might not have seen the firearm).

### iii.

Finally, Petitioner cannot establish that there was a reasonable likelihood that she would have been acquitted at the bench trial but for counsel not calling this witness. The trial-court judge indicated at the time of the verdict that he believed the victim's testimony because he viewed the surveillance videotape several times and saw a bulge in Petitioner's pocket.

Even if counsel was somehow deficient for not calling Mr. Carrington to testify, Petitioner could not show that she was prejudiced. The trial-court judge found the victim's testimony to be credible. *See Barnes v. Elo*, 339 F.3d 496, 503 (6th Cir. 2003). In addition, Petitioner cannot show that counsel's alleged ineffectiveness prejudiced her. The same trial judge who convicted her at the bench trial indicated that he still would have found her guilty when he was presented with her proposed witness at the *Ginther* hearing. ECF No. 6-9 at PageID.534–36. *See Dunham v. Travis*, 313 F.3d 724, 732 (2nd Cir. 2002); *see also Harper v. Jackson*, No. 05-CV-74413, 2007 WL 2121940, *11 (E.D. Mich. July 24, 2007); *Robinson v. Wolfenbarger*, No. CIV. 04-CV-70929-DT, 2006 WL 897333, *3 (E.D. Mich. April 5, 2006).

For those reasons, Petitioner is not entitled to habeas relief.

### IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v.*

- 9 -

*Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

In applying that standard, a district court may not conduct a full merits review and must "limit its examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El,* 537 U.S. at 323. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

In order to justify the issuance of a certificate of appealability, Petitioner must have made a substantial showing of the denial of a constitutional right. *See Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). Although this Court believes it was correct in its ruling, reasonable jurists could find it debatable that counsel was ineffective for not calling a witness who had told the police that he did not see a firearm in Petitioner's possession at the time of the altercation. For that reason, a certificate of appealability will issue.

**V.**

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

Further, it is **ORDERED** that a certificate of appealability is **GRANTED.**

Dated: November 10, 2021                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge